IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN KING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LEHIGH UNIVERSITY, et al. | : | NO. 06-4385 |

**MEMORANDUM AND ORDER**

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                       January   23   , 2007

      Plaintiff brought this suit, alleging gender discrimination and retaliation in violation of Title VII and the Pennsylvania Human Relations Act, ("PHRA"), and disability discrimination and retaliation in violation of the Americans with Disabilities Act, ("ADA").  The Defendants have filed a Motion to Dismiss Count 2 of the Amended Complaint and ask that the associated prayer for relief be strickened.  In addition the Defendants seek to strike the reference to the Family Medial Leave Act, ("FMLA"), in the Preliminary Statement of the Amended Complaint.

      With respect to the reference to the FMLA in the Preliminary Statement, the Plaintiff concedes that it was error to include such a reference.  See Plaintiff's Brief, at n.1.  As such, the Motion will be granted in that respect.

Facts

      On October 1, 2003, after working at Lehigh University for a little over two years, Ms. King was fired.  In March, 2003, prior to her termination, Ms. King made certain requests for accommodations of her own disability, Attention Deficit Disorder, and accommodations for the constraints placed upon her as a result of her daughter's Attention Deficit Disorder.  Plaintiff alleges that the University failed to participate in the interactive process in good faith, disciplined

her on the basis of her gender and disability, and eventually terminated her in retaliation for her request for accommodations.

On January 30, 2004, Ms. King filed a charge of discrimination with the Equal Employment Opportunity Commission, ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission, ("PHRC").  On July 10, 2006, Ms. King received a Notice of Right to Sue.  Thereafter, she timely filed her Complaint in federal court.  On December 11, 2006, Ms. King filed an Amended Complaint, from which we compiled this factual background.

Legal Standard

A claim may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) only if it appears beyond doubt that the plaintiff could prove no set of facts in support of her claim that would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Moreover, the court must consider only those facts alleged in the complaint, and accept all of the allegations as true.  Hishon v. King & Spalding, 467 U.S. 69 (1984); ALA, Inc. v. CCAIR, Inc., 29 F.3d 885, 859 (3d Cir. 1994).

Discussion

The Defendants argue that Count 2 of the Amended Complaint, alleging negligence under Title VII should be dismissed because no such cause of action exists under Title VII.  In the alternative, the Defendants argue that Count 2 should be dismissed because it is administratively unexhausted.

In the second count of the Amended Complaint, entitled "Negligence Under Title VII," the Plaintiff asserts that Lehigh University was negligent in its failure to train, supervise, and discipline its employees with respect to discrimination and retaliation, and in its failure to

investigate claims of discrimination and retaliation.  The Defendants contend that this is not a separate cause of action, but merely a statement of the respondeat superior theory of Title VII liability.  Consistent with this position, the Defendants seek the dismissal of Count II and Plaintiff's request for "traditional tort remedies" in her "Prayer for Relief."  See Amended Complaint, at ¶ 84(b).

In addition, while crediting Plaintiff's counsel's creativity, the Defendants cast doubt on the Plaintiff's negligence theory by arguing that he is the only lawyer ever to have made such a claim.

> Negligence is not a separate cause of action under Title VII. If it were, this cause of action would be pled by some attorney in the United State [sic] other than David Deratzian, counsel for the Plaintiff.  A Westlaw search concerning a cause of action for negligence under Title VII reveals only lawsuits filed by Mr. Deratzian.  While credit should be given to Mr. Deratzian for creativity, such credit cannot be extended to create a bona fide cause of action for Negligence under Title VII.

Defendant's Memorandum, at 10.

The Plaintiff concedes that Count II is not a separate cause of action, but merely a separate "theory of relief" under Title VII.  See Response, at 11.  The Plaintiff's theory finds its core in the Supreme Court's decision in Burlington Indus. v. Ellerth.

> [A]n employer is liable when the tort is attributable to the employer's own negligence.  Thus, although a supervisor's sexual harassment is outside the scope of employment because the conduct was for personal motives, an employer can be liable, nonetheless, where its own negligence is a cause of the harassment.  An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it.

524 U.S. 742, 758-59 (1998).

Despite the Defendants' rejection of the theory because Plaintiff's counsel is the only attorney in the United States to present such an argument, the Defendants overlook the fact that Mr. Deratzian's negligence claim has survived motions to dismiss in every case we have located.  See Turlip v. North Pocono School District, 05-1182, 2006 WL 547924 *14 (M.D. Pa. Mar. 6, 2006)(finding the claim to be a federal claim, not a common law claim); Zarazed v. Spar Management Services, Inc., 05-2621, 2006 WL 224050 *7-8 (E.D. Pa. Jan. 27, 2006) (the claim "can reasonably be interpreted to state a viable Title VII claim"); Lentz v. Gnadden Huetten Mem'l Hosp., 04-3147, 2004 WL 2514898 *2 (E.D. Pa. Nov. 8, 2004)("while there are other bases for respondeat superior liability under Title VII, an employer may be found liable for its negligence in failing to train, discipline, fire or take remedial action upon notice of harassment").  Although perhaps more properly thought of as an alternative theory of liability under Title VII, Plaintiff's negligence count is viable.

The Defendants also argue that the Title VII - Negligence claim is administratively unexhausted.  Because Plaintiff clearly exhausted her Title VII claim, see Plaintiff's Notice of Charge of Discrimination, and we conclude that the negligence claim is merely another iteration of the Title VII claim, we decline to dismiss this theory of liability.

Finally, the Defendants urge the dismissal of the corresponding prayer for relief.  In paragraph 84(b) of the Amended Complaint, the Plaintiff seeks an award of "traditional tort remedies."  The Defendants express concern that the Plaintiff may seek damages beyond those available through Title VII, the ADA, and the PHRA.  We will not dismiss the prayer for relief, but note that, despite the categorization of the claim as "negligence," the Plaintiff's damages are limited to those available through the applicable statutes.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN KING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LEHIGH UNIVERSITY, et al. | : | NO. 06-4385 |

### **O R D E R**

AND NOW, this     23     day of January, 2007, upon consideration of the Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint and Motion to Strike, the response, thereto, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion for Partial Dismissal of Plaintiff's Amended Complaint is DENIED.  The Motion to Strike is GRANTED IN PART and DENIED IN PART.  To the extent the Amended Complaint contains a reference to the Family Medical Leave Act, the Motion is GRANTED, and such reference is STRICKENED.  To the extent the Prayer for Relief in the Amended Complaint contains a request for "traditional tort remedies," the Motion is DENIED.

BY THE COURT:

/s/ Jacob P. Hart
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE